**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 04-894-PHX-MHM |
|     Plaintiff/Respondent, ) | CV 05-1352-PHX-MHM (MS) |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Carlos Jimenez-Coloma, ) | |
| a/k/a Fernando Coloma-Suruy ) | |
|     Defendant/Movant. ) | |
| ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Movant, currently confined at the Federal Correctional Institution in Bennettsville, South Carolina,[1] filed on December 6, 2004 a "Motion to Vacate, Set Aside or Correct Sentence By A Person in Federal Custody" ("Motion") pursuant to 28 U.S.C. section 2255. [Doc. # 44].[2] Movant's motion contains three claims. In his

---

[1] The Court obtained this location from the Federal Bureau of Prisons inmate locator on the Bureau's website. The Court will order the Clerk to send a copy of this Report and Recommendation to Movant at this location. The Court's orders sent to Movant's address in Florence, Arizona were not returned as undeliverable.

[2] Although Movant's Motion has been assigned a civil number, CV 05-1352-PHX-MHM (MS), all documents related to this motion are filed in the Court's criminal file, CR 04-894-PHX-MHM. Therefore, whenever the undersigned refers to a document contained in the file for this case, he refers to the docket number of the

1  first two claims, Movant contends that his guilty plea was not knowingly and
2  voluntarily made in regards to the provision that waived his appeal rights, and that
3  his counsel was ineffective for advising him to accept such a provision. [Id. at 4]. In
4  his third claim, Movant argues that he received ineffective assistance of counsel
5  because Movant believes he could have received a lesser sentence. [Id. at 5].

6  **I.   PROCEDURAL BACKGROUND**

7  On July 6, 2004, a criminal complaint was filed charging Movant with Re-entry
8  After Deportation, enhanced by a prior felony offense. [Doc. # 1]. See 8 U.S.C. §
9  1326(a), (b)(2). Movant was indicted on the same charge on August 24, 2004. [Doc.
10 # 11].

11 Counsel for Movant filed a motion on December 16, 2004 to set a hearing for
12 Movant's request for new counsel, as Movant stated to counsel in a letter that he
13 was dissatisfied with his representation. [Doc. # 25]. A hearing was held on January
14 5, 2005, and the trial judge denied Movant's request for new counsel. [Doc. # 32].
15 Shortly thereafter, Movant agreed to plead guilty, and a plea hearing was held. [Doc.
16 # 35]. Movant admitted in the plea agreement that he was convicted of assault with
17 a deadly weapon (resulting in great bodily injury), a felony, on May 21, 1999. [Doc.
18 # 42 at 8]. Movant further admitted that he was deported from the United states on
19 January 23, 2002. [Id.].

20 The Magistrate Judge concluded in her Report and Recommendation that
21 Movant understood what the maximum sentence could be, and that the plea was
22 knowingly and voluntarily made. [Doc. # 36 at 1-2]. The Judge also found that
23 Movant understood that he was waiving his right to appeal or collaterally attack his
24 sentence. [Id.]. On April 4, 2005, Movant was sentenced to 41 months incarceration
25 and two years supervised release. [Doc. # 40, 41].

26
27 ───────────────
28 document contained in the criminal file.

Movant filed the instant Motion one month later. [Doc. # 44]. The Government filed a Response. [Doc. # 50]. Although provided time to do so, Movant did not file a Reply.

**II.    ANALYSIS**

A federal prisoner may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 18 U.S.C. § 2255. Movant makes claims in his Motion of ineffective assistance of counsel in violation of his Sixth Amendment right to counsel, and that his Fourteenth Amendment due process rights were violated because his plea was not knowing and voluntary in relation to waiver of his appeal rights.

**A.    Movant's Claims Related to Waiver of His Appeal Rights (Grounds One and Two)**

A Movant may waive a right to appeal, including a right to relief pursuant to 28 U.S.C. section 2255, as part of a plea agreement. However, such a waiver may not apply to a collateral attack alleging ineffective assistance of counsel, United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (citing United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)). A defendant's waiver of appeal rights is only valid if it is made knowingly and voluntarily. United States v. Bolinger, 940 F.3d 478, 480 (9th Cir. 1991); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990), cert. denied, 503 U.S. 942 (1992). The longstanding test for determining the validity of a guilty plea is whether 'the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal citations omitted). Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was

within the range of competency demanded of attorneys in criminal cases.'" Id. at 57 (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

To the extent Movant claims that his waiver of appeal rights was not knowing or voluntary, the transcript of Plaintiff's plea colloquy demonstrates otherwise. Movant was represented by counsel during the entire proceeding against him, including at the plea hearing. The Magistrate Judge asked Movant if the plea agreement was read to him in Spanish, and whether he had the opportunity to ask counsel questions surrounding the agreement. [Doc. # 49 at 5-6]. Movant answered in the affirmative. [Id.]. The plea agreement that Movant stated that he read, and that counsel discussed with him, contains a section indicating that Movant would be waiving his appeal rights. During the plea colloquy, the Magistrate Judge advised Movant that by pleading guilty he was waiving his right to appeal his conviction and sentence if he went to trial and was convicted, and when asked if he understood this, Movant answered "yes." [Id. at p. 17, ll. 10, 21-22; p. 18, l. 1]. There is no indication in the transcript of the plea hearing that Movant's answer was not made voluntarily, or that he did not understand that his plea agreement would result in waiver of his appeal rights with respect to the sentence imposed on his plea of guilty pursuant to the plea agreement.

It may be arguable that the plea colloquy did not specifically include a discussion of the provision of the plea agreement (Doc. # 42 at 5) in the section discussing waiver of the right to appeal the imposition of sentence or to collaterally attack Movant's conviction and sentence. However, now withstanding this waiver, the sentencing judge advised Movant that if he believed the waiver was "unenforceable, or inapplicable, then you can present that issue to the appellate court by taking an appeal." [Doc. # 48 at 22]. By failing to take such an appeal, Movant has waived any such claim and it should not be heard in this post-conviction proceeding where it is clear that the plea agreement was read to Movant by his Spanish-speaking attorney and discussed with him as well.

1 As to counsel's alleged ineffectiveness for recommending that Movant accept the waiver of his appeal rights, to prevail on his claims of ineffective assistance of counsel, Movant must establish that: (1) considering all of the circumstances, his counsel's representation fell below an objective standard of reasonableness; and (2) that Movant was prejudiced by such representation. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); United States v. Solomon, 795 F.3d 747, 749 (9th Cir. 1986). A movant establishes prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

To satisfy the first prong of the Strickland test, Movant must identify the specific acts or omissions of counsel that he alleges do not meet the reasonable professional judgment standard. Id. at 688-90. The Court must then determine whether the acts or omissions alleged fall outside a wide range of professionally competent decisions given the surrounding circumstances. Id. Movant must overcome the strong presumption that his counsel's conduct fell within this wide-range of reasonable assistance, and that counsel made all significant decisions exercising reasonable professional judgment. Id. at 689-90; United States v. Hamilton, 792 F.3d 837, 839 (9th Cir. 1986), disapproved on other grounds, United States v. Kim, 105 F.3d 1579 (9th Cir. 1997). The Court determines the reasonableness of counsel's actions from the facts of each particular case, and from counsel's perspective at the time of the alleged error based on all the attendant circumstances. Strickland, 466 U.S. at 689.

It would not have been unreasonable for counsel to recommend that Movant accept the appeal waiver. Such a waiver is standard in most plea agreements offered by the Government. If counsel would have insisted that the waiver provision be removed, the Government easily could have rescinded its plea offer. As the

Government notes in its Response, the plea agreement was the standard plea given to defendants under the same or similar circumstances. [Doc. # 50 at 5].  Therefore, Movant was not prejudiced by counsel's recommendation that he accept the waiver provision.

Accordingly, as to Movant's claim that his plea agreement was not knowingly and voluntarily made as to the waiver provision, and that counsel was ineffective for recommending that he accept the provision, the Court will recommend that these claims be denied.

### B. Movant's Claim that Counsel Was Ineffective For Not Procuring A Lower Sentence (Ground Three)

To the extent that Movant's ineffective assistance of counsel claim related to the length of his sentence was not waived in the plea agreement, Movant's claim fails.  During the plea colloquy, the Magistrate Judge explained to Movant that the agreement provided for a maximum 71-month prison term.  [Doc. # 49 at 9 (Plea Colloquy Transcript)].  The Judge further explained that the agreement provided that Movant would receive a sentence at the bottom end of the guideline range, depending on his criminal history.  [Id. at 12-13].  When asked if he had any questions regarding the guideline sentence and the possible sentence, Movant stated that he did not.  [Id. at 14, 15].  Movant did not raise any issue with the Magistrate Judge regarding counsel's recommendation that he accept the terms of the plea agreement.

Movant provides no support for his conclusion that he should have received a lower sentence, and provides no specifics as to how counsel's acts or omissions were unreasonable.  Movant does not deny that he was convicted of a felony in 1999 or that he was later deported.  As stated previously, the plea agreement was the standard plea given to defendants under the same or similar circumstances.  [Doc. # 50 at 5].  Movant received a sentence below the statutory maximum.  [Id.].  Counsel's advice that he accept the plea agreement resulted in a total of six

combined adjustment and downward departure levels under the sentencing guidelines. [Id.].

Therefore, it cannot be said that counsel's recommendation was unreasonable, or that Movant suffered prejudice from counsel's actions. Accordingly, the Court will recommend that this claim be denied.

### III. RECOMMENDATION; ORDERS

Based on the foregoing analysis,

IT IS RECOMMENDED that Movant's "Motion to Vacate, Set Aside or Correct Sentence By A Person in Federal Custody" pursuant to 28 U.S.C. section 2255 (Doc. # 44) be DENIED and DISMISSED in its entirety.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

IT IS ORDERED that:

1. The Clerk send a copy of this Report and Recommendation to Movant at the following address:

    **Carlos Jimenez-Coloma (a/k/a Carlos Jimenez-Comala)**
    **Register Number 76923-198**
    **FCI-Bennettsville**
    **Satellite Camp**
    **P.O. Box 57010**
    **Bennettsville, South Carolina  29512**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2. Movant shall file, within 20 days of the date of the filing of this Order, a Notice of Change of Address.

DATED this 23rd day of September, 2005.

_____
Morton Sitver
United States Magistrate Judge

- 8 -