|   |   |
|---|---|
| United States of America, | No. CR 04-894-PHX-MHM |
| Plaintiff/Respondent, | No. CV 05-1352-PHX-MHM (MS) |
| vs. | **ORDER** |
| Carlos Jimenez-Coloma, a/k/a Fernando Coloma-Suruy | |
| Defendant/Movant. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Movant, Carlos Jimenez-Coloma, is currently confined at the Federal Correctional Institution in Bennettsville, South Carolina. Movant filed his "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("Motion") on December 6, 2004, pursuant to 28 U.S.C. § 2255 (Dkt. #44). This matter was referred to Magistrate Judge Morton Sitver who issued a Report and Recommendation recommending that the Motion be denied and dismissed in its entirety. (Dkt. #53). No objection to Magistrate Judge Sitver's Report and Recommendation has been filed.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate

judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## PROCEDURAL BACKGROUND

On July 6, 2004, a criminal complaint was filed charging Movant with Re-entry After Deportation, enhanced by a prior felony charge. (Dkt. #1). Movant was indicted on the same charge on August 24, 2004. (Dkt. #11).

Counsel for Movant filed a motion on December 16, 2004, to set a hearing for Movant's request for new counsel, as Movant stated to counsel in a letter that he was dissatisfied with his representation. (Dkt. #25). A hearing was held on January 5, 2005, and this Court denied Movant's request for new counsel. (Dkt. #32). Shortly thereafter, Movant agreed to plead guilty, and a plea hearing was held. (Dkt. #35). Movant admitted in the plea agreement that he was convicted of assault with a deadly weapon (resulting in great bodily harm injury), a felony, on May 21, 1999. (Dkt. #42). Movant further admitted that he was deported from the United States on January 23, 2002. (Dkt. #42). On April 4, 2005, Movant was sentenced to 41 months incarceration and two years supervised release. (Dkt. #40, 41).

On May 5, 2005, Movant filed his "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("Motion") pursuant to 28 U.S.C. § 2255 (Dkt. #44). Movant's motion contains three claims. (Dkt. #44). In his first two claims, Movant contends that his guilty plea was not knowingly and voluntarily made in regards to the provision that waived his appeal rights, and that his counsel was ineffective for advising him to accept such a provision. (Dkt. #44). In his third claim, Movant contends that his counsel was ineffective for not procuring a lower sentence. (Dkt. #44).

## DISCUSSION

The Court has considered the pleadings and documents of record in this case. The Magistrate Judge recommends that the Motion be denied and dismissed in its entirety for the following reasons: first, Movant's waiver of his appeal rights was made knowingly and voluntarily; second, Movant's counsel's recommendation to accept this waiver provision was

1  not unreasonable; and third, Movant's counsel was not ineffective for not procuring a lower
2  sentence. (Dkt. #53).

3  The Court finds itself in agreement with the Report and Recommendation of the
4  Magistrate Judge. With regard to Movant's first two claims, the Court finds the transcript of
5  Movant's plea colloquy demonstrates that Movant entered into the plea agreement knowingly
6  and voluntarily. Movant was represented by counsel during the entire proceeding against
7  him, including at the plea hearing. Movant admitted the plea agreement was read to him in
8  Spanish and that he had the opportunity to ask his counsel questions surrounding the
9  agreement. (Dkt. #49). During the plea colloquy, the Magistrate Judge advised Movant that
10 by pleading guilty he was waiving his right to appeal his conviction and sentence if he went
11 to trial and was convicted, and when asked if he understood this, Movant answered "yes."
12 (Dkt. #49). The Court also finds that Movant's counsel was not ineffective in recommending
13 that Movant accept the waiver of his appeal rights. Such a waiver is standard in most plea
14 agreements offered by the Government. If counsel had insisted that the waiver provision be
15 removed, the Government could easily have rescinded its plea offer.

16 Finally, in regards to Movant's third claim, the Court finds that Movant's counsel was
17 not ineffective for not procuring a lower sentence. During the plea colloquy, the Magistrate
18 Judge explained to Movant that the agreement provided for a maximum 71-month prison
19 term. (Dkt. #49). The Judge further explained that the agreement provided that Movant
20 would receive a sentence at the bottom end of the guideline range, depending on his criminal
21 history. (Dkt. #49). When asked if he had any questions regarding the guideline sentence
22 and the possible sentence, Movant stated that he did not. (Dkt. #49). Movant did not raise
23 any issue with the Magistrate Judge regarding his counsel's recommendation that he accept
24 the terms of the plea agreement.

25 **Accordingly,**

26 **IT IS HEREBY ORDERED** the Court adopts the Report and Recommendation of
27 the Magistrate Judge as the order of this Court. (Dkt. #53).

28

**IT IS FURTHER ORDERED** denying and dismissing Movant's claims in their entirety. (Dkt. #44).

**IT IS FURTHER ORDERED** directing the clerk of the Court to enter judgment accordingly.

DATED this 24th day of September, 2006.

Mary H. Murguia
United States District Judge